UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ANDRA WILLIAMS,**
c/o Rettko Law Offices, S.C.
15460 W. Capitol Drive, Ste. 150
Brookfield, WI 53005,

                Plaintiff,

vs.                                      Case No. _____

**CITY OF MILWAUKEE,**
200 East Wells Street
Milwaukee, WI 53202,
**FORMER POLICE CHIEF EDWARD FLYNN,**
Individually and in his official capacities,
806 S. Stafford Street
Arlington, VA 22204,
**DIRECTOR OF THE DEPARTMENT OF ADMINISTRATION**
**SHARON ROBINSON**
Individually and in her official capacities,
200 East Wells Street
Milwaukee, WI 53202,

                Defendants.

## COMPLAINT

The plaintiff, Andra Williams, by his attorney, William R. Rettko, hereby alleges and shows to the court as follows:

### NATURE OF THE ACTION

Plaintiff brings this action to secure his civil rights to equal employment opportunities and to have the same terms, conditions and privileges of employment as non-African American males to seek redress for past and current violations of those rights in the form of back pay and lost benefits, together with recovery for emotional distress and punitive damages.

### JURISDICTION AND VENUE

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and the Equal Employment Opportunity Commission's Notice of Right to Sue within ninety (90) days

which is attached hereto as Exhibit 1 and incorporated as if set forth at length herein, and as authorized by 42 U.S.C. §§ 1981, 1983 and 2000e, as well as the Fourteenth Amendment of the United States Constitution.

## PARTIES

2. The plaintiff, Andra Williams, an African American male, ("plaintiff"), is an adult resident of the state of Wisconsin, and was employed continuously by the Milwaukee Police Department ("MPD") from July 1991 until his retirement of June 30, 2018 while holding the position of Captain of Police.

3. The defendant, City of Milwaukee ("City"), is a municipal corporation with its principal offices located at 200 East Wells Street, Milwaukee, WI 53202, and is and was at all material times hereto a municipal employer of the MPD under authority of § 62.50, Wis. Stats., together with employer of the Director of the City's Department of Administration, the Emergency Communications Director and the Emergency Communications Manager.

4. The defendant, Former Police Chief Edward Flynn ("Flynn"), is an adult resident of Arlington, Virginia, and was at all pertinent times hereto the Chief of Police for the City who ultimately made the decision as to who received the Emergency Communications Manager position; and is a party in both his individual and official capacities.

5. The defendant, Sharon Robinson is an adult resident of Wisconsin and was at all pertinent times hereto the Director of the Department of Administration for the City who ultimately made the decision as to who was given the Emergency Communications Director position; and is a party in both her individual and official capacities.

6. Plaintiff filed a timely charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and has received from the EEOC a Notice of Right to Sue, which is dated October 26, 2018 and attached hereto as Exhibit 1.

## STATEMENT OF CLAIMS

7. For the 2016 City Budget, the position of Emergency Communications Director was created to oversee the City's radio system, 911 dispatch and call centers.

8. As a part of the 2016 City Budget, an Emergency Communications Manager position was created to place the MPD's 911 dispatch and call centers under the control of a civilian, thereby making the position a non-sworn exempt position.

9. Plaintiff was a sworn Captain in charge of the MPD's 911 dispatch and call centers from July 30, 2006-September 17, 2011 and again from June 21, 2013-March 7, 2016.

10. Plaintiff, knowing he was eligible to retire from the MPD on July 8, 2016, and also knowing the Emergency Communications Director position and the Emergency Communications Manager's position would not need to be filled until August 2016, applied for both positions.

11. Defendant Robinson, as the Director of the Department of Administration, posted the Emergency Communications Director position on February 16, 2016, applications were accepted on March 25, 2016, and by April 2016 Robinson formed an interview panel consisting of persons from the MPD, the City's Fire Department, the City's Public Work's Department and the Department of Administration.

12. After a series of interviews, a list of three finalists were created on April 20, 2016 whereby Debra Wilikowski was ranked number 1 and plaintiff ranking in the top 3.

13. Ms. Wilikowski (white female) upon accepting the offer for the Emergency Communications Director, turned it down and instead of going to the other two top finalists which included plaintiff, Robinson offered the position to Paulina DeHann (Hispanic female) who was part of the interviewing panel formed by Robinson, but had not filed an application nor interviewed for the position.

14. During this same time period of March 4, 2016, plaintiff also applied for the Emergency Communications Manager position.

15. The Emergency Communications Manager position was historically performed by an MPD Captain and as of March 4, 2016, plaintiff was the MPD Captain in charge of MPD's Communications Center, and had approximately 7 years of experience as MPD Captain in charge of the MPD's communication system.

16. With the Emergency Communications Manager position becoming a civilian exempt position, it was responsible for directing 180 employees including sworn officers and civilians which required a person with highly specialized knowledge of software and infrastructure platform, and also required someone who could remain calm in an extremely busy call center facing stressful situations in a fast-paced environment.

17. One June 21, 2016, oral interviews for the Emergency Communications Manager position were conducted by an interview panel consisting of two outside raters from 911 call centers in neighboring jurisdictions, together with a Milwaukee Police Inspector.

18. Plaintiff ranked number 1 as a result of this interviewing process with a white female, Jill Price, ranking number 2.

19. Defendant Flynn instead of offering the position to plaintiff, offered it to Ms. Price who accepted the position, but rescinded it shortly thereafter never actually working in the position.

20. After Ms. Price rescinded the position, defendant Flynn, instead of offering the position to plaintiff, reposted the position and then offered it to a white male, Robert Malasuk who accepted the position.

FIRST CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 2000-e

21. Reallege and incorporate herein by reference paragraphs 1 through 20 of this Complaint as if set forth at length herein.

22. Defendant City, through defendants Flynn and Robinson, discriminated against plaintiff on the basis of his race and gender by selecting non-African American males to fill the

positions of Emergency Communications Director and Emergency Communications Manager, and in doing so denied plaintiff an equal employment opportunity by going outside the pre-determined selection process filling these positions with less qualified non-African American male candidates.

23. As a direct and proximate cause of the defendants' actions to deny plaintiff equal employment opportunity has caused him to suffer compensatory damages, including but not limited to, loss of back wages, loss of future wages, mental anguish, loss of reputation, attorney fees and other expenses as allowed by law.

24. As a direct and proximate result of defendants' malicious and reckless actions in depriving the plaintiff of his equal protection rights as provided by the U.S. Constitution in violation of 42 U.S.C. § 2000-e, plaintiff is entitled to punitive damages.

## SECOND CAUSE OF ACTION -- VIOLATION OF 42 U.S.C. § 1981

25. Reallege and incorporate herein by reference paragraphs 1 through 24 of this Complaint as if set forth at length herein.

26. Defendants Flynn and Robinson used their positions to discriminate against plaintiff by selecting non-African American males for the positions of Emergency Communications Director and Emergency Communications Manager, thereby depriving plaintiff full and equal benefits of all laws to enforce the terms and conditions of his employment.

27. As a direct and proximate cause of the defendants' actions to deny plaintiff equal employment opportunity has caused him to suffer compensatory damages, including but not limited to, loss of back wages, loss of future wages, mental anguish, loss of reputation, attorney fees and other expenses as allowed by law.

28. The defendants' reckless indifferences in intentionally discriminating against plaintiff has caused him to suffer compensatory damages, including but not limited to, loss of past and future wages, loss of past and future benefits, loss of reputation, mental anguish, loss of future job opportunities, attorney fees and expenses as allowed by law.

29. As a direct and proximate result of defendants' malicious and reckless actions in depriving the plaintiff of his equal protection rights as provided by the U.S. Constitution in violation of 42 U.S.C. §§ 1981 and 1983, plaintiff is entitled to punitive damages.

WHEREFORE, plaintiff respectfully request that this court:

A. Assume jurisdiction over this case;

B. Declare that defendants' actions while acting under the color of law has caused plaintiff to suffer equal employment opportunities because of his race and gender in violation of 42 U.S.C. § 2000e and the Fourteenth Amendment of the U.S. Constitution in violation of 42 U.S.C. § 1983;

C. Declare that the defendants' action while acting under color of law adversely affected plaintiff full and equal benefits of all laws of the United States of America to be free from discrimination based on his race in violation of 42 U.S.C. § 1981 and the Fourteenth Amendment of the U.S. Constitution;

D. Declare that the defendants' actions while acting under color of law subjected the plaintiff to arbitrary and capricious treatment in violation of his equal protection rights as entitled under the Fourteenth Amendment of the Constitution and laws of the United States of America in violation of 42 U.S.C. §§ 1981 and 1983;

E. Award compensatory damages in the amount of $300,000 against the defendants jointly and severally;

F. Award punitive damages against the defendants in an amount to be determined by a trier of fact jointly and severally on the grounds that defendants' conduct complained of herein was done knowingly, willfully and in bad faith in violation of plaintiff's right to be free from discrimination based on his race and gender;

G. To grant the plaintiff his costs, disbursements and attorney fees in bringing this action; and

H.  Grant such further relief as the court deems just and equitable.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted this 22nd day of January, 2019.

           **RETTKO LAW OFFICES, S.C.**
           Counsel for Plaintiff

           s/William R. Rettko
           State Bar No.: 01002608
           15460 W. Capitol Drive, Suite 150
           Brookfield, WI 53005
           (262) 783-7200

EEOC Form 161-A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

**To:** Andra P. Williams
4243 W. Fiebrantz Avenue
Milwaukee, WI 53216

**From:** Milwaukee Area Office
310 West Wisconsin Ave
Suite 500
Milwaukee, WI 53203

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 443-2016-01460 | Adam J. Carvill, Investigator | (414) 297-4076 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Julianne Bowman,
District Director

OCT 26 2018
(Date Mailed)

Enclosures(s)

cc: Jenny Yuan
City of Milwaukee- Office of City Attorney
841 N. Broadway, Suite 716
Milwaukee, WI 53202

EXHIBIT 1