UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ANDRA WILLIAMS,**

    Plaintiff,

v.

**CITY OF MILWAUKEE,**                   Case No. 19-CV-118
**FORMER POLICE CHIEF EDWARD FLYNN,**
**and SHARON ROBINSON,**

    Defendants.

___

**RULE 26(F) REPORT**
___

Plaintiff, Andra Williams, by his attorney, William R. Rettko, and defendants, City of Milwaukee, former Police Chief Edward Flynn, and Sharon Robinson, by their attorney, Grant F. Langley, by Assistant City Attorney Jenny Yuan, respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f).

Pursuant to Fed. R. Civ. P. 26(f), a telephone conference was held on May 14, 2019 between counsel and they agreed to the following:

1.     <u>Nature of the Case</u>. This action is brought by Andra Williams who alleges unlawful discriminatory employment practices by the defendants in violation of plaintiff's civil rights to equal employment opportunities and to have the same terms, conditions and privileges of employment as non-African American males pursuant to 42 U.S.C. §2000-e and 42 U.S.C. §1981 and §1983 during the hiring processes conducted for the Emergency Communications Director position and the Emergency Communications Manager in 2016.

The defendants deny all claims made by plaintiff and the defendants further deny that they discriminated against plaintiff based on race or gender. The defendants allege that the hiring process and decision for the positions that are the subject of this lawsuit were not based on race or gender, but were based on legitimate, non-discriminatory business reasons and the defendants further allege that they acted in a lawful manner.

2. <u>Whether the parties expect to amend the pleadings</u>. The parties have agreed to allow for amendments to the pleadings to occur up to September 30, 2019 without need of motion.

3. <u>Whether the parties anticipating joining other parties</u>. The parties do not anticipate joining any other parties but have agreed to allow for such additions to occur without motion based on amended pleadings up to September 30, 2019.

4. <u>Nature of discovery each party contemplates, and the amount of time the parties believe they need to complete discovery</u>.

<u>Initial Disclosures.</u> The parties shall exchange initial disclosures on or before July 1, 2019.

<u>Electronically Stored Information</u>. At this time, the parties do not anticipate any special issues related to the disclosure or discovery of electronic information but will promptly address any issues that do arise during the course of discovery.

<u>Confidentiality</u>. The Parties do not anticipate any disputes concerning confidentiality or claims of privilege.

<u>Orders</u>. The Parties do not contemplate any additional orders that should be entered by the Court under Federal Rules 16(b)-(c) or 26(c) other than the Scheduling Order. Motions made in the normal course of litigation pursuant to the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules may be filed as the case dictates.

Discovery Plan.

  a. Subjects on which discovery may be needed:

    i. Liability
    ii. Damages
    iii. All subjects reasonably related to the pleadings

The Parties anticipate that discovery may include written interrogatories, requests for production of documents, requests for admissions, lay witness depositions, and expert depositions.

  b. Depositions

Both Parties anticipate conducting up to 10 depositions.

  c. Completion of Discovery

The parties agree that discovery shall be completed by February 28, 2020.

  d. Limitations on Discovery

The parties agree that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure and the Court's local rules, and by the Court's customary Scheduling Order. Both parties reserve the right under Fed. R. Civ. P. 30(a) to move for additional fact depositions or interrogatories.

  e. Expert Reports

Plaintiff's expert report shall be served on defendants no later than thirty (30) days after any denial issued on dispositive motions, with defendants' report due sixty (60) days thereafter. If dispositive motions are not filed in this case, plaintiff's expert report is due May 15, 2020 and defendants have until July 15, 2020 to file their expert report, with expert discovery being completed by August 31, 2020.

  f. Electronic Service

The parties confirm that documents filed through the Court's ECF system are served by ECF notification. The parties also consent that service by electronic means shall be allowed as set

3

Case 2:19-cv-00118-PP   Filed 05/15/19   Page 3 of 5   Document 11

forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

      g.    <u>Motions the parties contemplate</u>.

Dispositive motions shall be briefed, filed, and served on or before April 20, 2020; response briefs shall be filed and served on May 20, 2020; and reply briefs shall be filed and served on or before June 5, 2020.

      h.    <u>Length of Trial</u>

At this time, the parties estimate that the trial will last five (5) days.

      i.    <u>Jury Trial Requested</u>

Dated this 14th day of May, 2019.

        <u>/s/ William R. Rettko</u>
        William R. Rettko
        State Bar No. 1002608
        Counsel for Plaintiff
        RETTKO LAW OFFICES, S.C.
        15460 W. Capitol Drive, Suite 150
        Milwaukee, WI 53005
        Phone No.:  262-783-7200
        Fax No.:  262-783-7202
        E-mail: bill@rettkolaw.com

4

Case 2:19-cv-00118-PP   Filed 05/15/19   Page 4 of 5   Document 11

Dated this 14th day of May, 2019.

>GRANT F. LANGLEY
>City Attorney
>
>/s/Jenny Yuan
>Jenny Yuan
>State Bar No: 1060098
>Counsel for Defendants
>200 East Wells Street
>Milwaukee, Wisconsin 53202
>Telephone: (414) 286-2601
>Facsimile: (414) 286-8550
>Email: jyuan@milwaukee.gov

5